**Sylvia A. KAPEN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 03–3076.

United States Court of Appeals, Federal Circuit.

DECIDED: May 12, 2003.

Before SCHALL, Circuit Judge, ARCHER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Sylvia A. Kapen petitions for review of the decision of the Merit Systems Protection Board ("Board"), No. NY–0831–01–0079–I–1, denying survivor benefits to Mrs. Kapen's adult dependent son Lorin. For the reasons discussed herein, we *vacate* and *remand.*

## BACKGROUND

OPM denied Kapen's application for adult disabled child survivor benefits on July 14, 2000. Kapen requested that OPM reconsider its decision, which it did, concluding again that Kapen was not entitled to survivor benefits because Kapen failed to submit sufficient evidence regarding Lorin's work history, therapy, treatment and hospitalization and that Lorin's medical condition was disabling prior to age 18. Kapen appealed OPM's reconsideration decision to the Board, which affirmed OPM's denial of benefits on November 30, 2001. *Kapen v. Office of Pers. Mgmt.,* No. NY-0831-01-0079-I-1 (Oct. 11, 2001) (*"Initial Decision"*). In the meantime, Kapen also applied to the Veteran's Administration ("the VA") for dependent child survivor benefits. *See* 38 C.F.R. § 3.356 (2002). The VA approved her application on February 28, 2001, determining that "permanent incapacity for self-support is established" based on a finding that "[t]he evidence establishes that Lorin A. Kapen became permanently incapable of self-support prior to December 26, 1977 [his eighteenth birthday] by reason of physical or mental disability diagnosed as depressive neurosis with a borderline personality disorder." Armed with this decision from the VA, Kapen timely petitioned the Board for review of its November 30, 2001 decision. The Board denied Kapen's petition on October 11, 2002, concluding that "there is no new, previously unavailable evidence and that the administrative judge made no error in law or regulation that affects the outcome."

Kapen's petition for review to this court argues that the Board erred by failing: (1) to recognize certain symptoms as sufficiently severe to constitute a disability; (2) to consider newly obtained evidence of the VA's decision; and (3) to recognize that Kapen's husband's Alzheimer's disease was progressive. This court is vested with jurisdiction to review the final order of the Board by 5 U.S.C. § 7703(b)(1). When considering Kapen's petition for review, we

> shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence; . . . .

5 U.S.C. § 7703(c) (2000).

I

■ We find that the Board's reconsideration decision was obtained without fol-

lowing the procedures required by law, rule or regulation. Specifically, we disagree with the Board's determination that Kapen failed to produce any new, previously unavailable evidence. Kapen provided the Board with the VA's determination that Lorin is indeed permanently incapable of self-support and that such condition existed prior to his reaching age 18. While the VA's decision is not binding on the Board, it is, nevertheless, evidence that should have been considered. *See Trevan v. Office of Pers. Mgmt.*, 69 F.3d 520 (Fed.Cir. 1995). In *Trevan*, we considered what weight should be given by OPM, when considering an employee's application for disability, to the Social Security Administration's ("SSA's") determination that an applicant was disabled and therefore entitled to benefits. We held that while the SSA's determination was not binding, "OPM and the Board *must consider* an award of Social Security disability benefits, and any underlying medical data provided to OPM by the Social Security Administration or the employee, along with any other evidence of disability, in determining entitlement to [Federal Employees Retirement System] benefits." *Id.* at 526 (emphasis added).

While the *Trevan* case specifically dealt with an SSA determination of disability and was based in part on the legislative history of the particular statutes at issue, we see no reason why the holding in *Trevan* should not apply in other appropriate contexts. *See Suter v. Office of Pers. Mgmt.*, 88 M.S.P.R. 80 (2001) (relying in part on *Trevan* to conclude that "OPM and the Board must consider an award or a termination of [Office of Worker's Compensation Programs] benefits"); *Mendenhall v. United States Postal Serv.*, 74 M.S.P.R. 430 (1997) (using as evidence of disability a determination by the Department of Veteran's Affairs that appellant was disabled). Indeed, the government

concedes in this case that "MSPB is required to consider such an award." We further note that, unlike the standards applied by OPM and SSA when determining disability entitlement, the VA applies almost the identical standard as OPM for evaluating claims for dependent child survivor benefits. The VA requires that a "child must be shown to be permanently incapable of self-support by reason of mental or physical defect at the date of attaining the age of 18 years." 38 C.F.R. § 3.356(a) (2002). Likewise, OPM defines an eligible child as "such unmarried dependent child regardless of age who is incapable of self-support because of mental or physical disability incurred before age 18." 5 U.S.C. § 8341(a)(4)(B) (2000). For these reasons, we conclude that OPM and the Board should have considered the VA's determination that Lorin was permanently incapacitated prior to the age of 18.

■ We reject the government's suggestion that the Board was not required to consider this evidence because Kapen failed to timely submit the VA's decision to the Board. The VA's decision is dated February 28, 2001, after the record closed on February 22, 2001 (the day of Kapen's administrative hearing). Kapen did not provide the VA's decision to the Board until November 2001. While the government correctly notes that Kapen could have earlier submitted this evidence to the Board under 5 C.F.R. § 1201.58(c), the government has not identified any provision that required her to do so.

■ We also reject the government's argument that the VA's decision "will likely have little, if any bearing" on the Board's determination of Lorin's qualification for dependent child survivor benefits. While the VA's decision is not binding and it may or may not affect the outcome of the case, it is material evidence that must

be considered. *See Gardner v. Office of Pers. Mgmt.,* 91 M.S.P.R. 391 (2002) ("While not dispositive, an SSA decision awarding social security benefits is material evidence to be considered by the Board and OPM in disability retirement cases."). Moreover, the government appears to incorrectly suggest that the VA's decision is irrelevant because "all the evidence in the VA decision had already been considered by OPM in reaching its decision." The VA's decision refers to an August 25, 2000 medical statement by Dr. Seymour E. Bird. It does not appear from the documents before us that OPM considered Dr. Bird's statement. Rather, OPM's decision refers to a June 14, 2000 questionnaire and March 14, 2000 report of Dr. Ralph N. Wharton as the most current medical information. Initial Decision at 13. Dr. Wharton's report, if provided, should be considered by OPM and the Board as part of the VA's determination of disability. *See Trevan,* 69 F.3d at 526 (stating that "OPM and the Board must consider an award of Social Security disability benefits, *and any underlying medical data* provided to OPM").

## II

With respect to Kapen's remaining arguments, we understand Kapen to claim that the Board erred when it concluded that "there is no evidence that the symptomatology of Lorin's condition was of the required level of severity to be classified as a 'listed' impairment." Initial Decision at 14. Given our remand for the consideration of additional evidence, we do not reach this issue. With respect to Kapen's argument that the Board failed to recognize her husband's Alzheimer's disease as progressive, we reject this argument as it appears to have no bearing on the determination of whether Lorin was sufficiently incapacitated by the age of 18 to be entitled to survivor benefits.

## CONCLUSION

For the foregoing reasons we vacate the Board's decision denying survivor benefits and remand for consideration of the VA's decision to award benefits and any other properly submitted evidence underlying the VA's decision.