NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3200

SYLVIA A. KAPEN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  January 12, 2006

_____

Before MICHEL, Chief Judge, SCHALL, and GAJARSA, Circuit Judges.

PER CURIAM

## DECISION

Sylvia A. Kapen petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the remand decision of the Office of Personnel Management ("OPM") denying her application on behalf of her son Lorin Kapen for survivor annuity benefits under the Civil Service Retirement System ("CSRS")

as an adult disabled child. Kapen v. Office of Pers. Mgmt., No. NY-0831-04-0326-I-1 (M.S.P.B. May 4, 2005). We affirm.

DISCUSSION

I.

Under the CSRS, the "unmarried dependent child" of a deceased federal employee is entitled to a survivor annuity, regardless of age, if he or she "is incapable of self-support because of mental or physical disability incurred before age 18." 5 U.S.C. § 8341(a)(4), (e). Ms. Kapen is the widow of Jack Kapen, a deceased former employee of the United States Postal Service. In January of 2000, Ms. Kapen applied to OPM on behalf of her son Lorin for survivor annuity benefits under the statute, claiming that Lorin was an adult dependent child. In July of 2000, OPM denied the application; it then denied reconsideration in November of 2000. Ms. Kapen appealed to the Board. The reconsideration decision was affirmed in an initial decision in November of 2001, and in October of 2002, the Board denied Ms. Kapen's petition for review.

Ms. Kapen petitioned this court for review. On May 12, 2003, we vacated the Board's decision and remanded the case for further proceedings. Kapen v. Office of Pers. Mgmt., No. 03-3076, 74 Fed. Appx. 50 (Fed. Cir. 2003) (per curiam) ("Kapen I"). We did so after holding that the Board had erred in not reopening the appeal to consider the February 28, 2001 decision of the Veteran's Administration ("VA") approving Ms. Kapen's application for dependent child survivor benefits for Lorin, as well as the evidence underlying that decision.

Following our decision, the Board remanded the case to OPM for further proceedings. Thereafter, on July 22, 2004, OPM once again determined that Lorin was

not entitled to survivor annuity benefits as an adult dependent child. In its decision, OPM stated that it had considered the decision of the VA, as well as the evidence that formed the basis for that decision.

Ms. Kapen again appealed to the Board. On November 24, 2004, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision sustaining OPM's remand decision. Kapen v. Office of Pers. Mgmt., No. NY-0831-04-0326-I-1 (M.S.P.B. Nov. 24, 2004). The AJ's initial decision became the final decision of the Board on May 4, 2005, after the Board denied Ms. Kapen's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Pursuant to 5 U.S.C. § 8347(c), OPM is charged with making disability determinations such as the one at issue in this case. Section 8347(c) provides in relevant part that, except for an appeal to the Board, see 5 U.S.C. § 8347(d)(1) (2000), such determinations by OPM "are final and conclusive and are not subject to review." Under this statutory scheme, the Board's factual findings with respect to Lorin's disability claim are not subject to our review. We may only review whether there has been a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." Anthony v. Office of Pers. Mgmt., 58 F.3d 620, 626 (Fed. Cir. 1995) (internal quotation marks omitted) (quoting Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1995)).

Ms. Kapen contends that, in view of the evidence that was presented, the Board failed to properly assess the seriousness of her son's disability. Lindahl and Anthony make clear that this is precisely the sort of claim that we may not consider. Ms. Kapen does, however, raise two arguments that we may consider. It is to those arguments that we now turn.

III.

First, before the Board, Ms. Kapen had the burden of proving that her son Lorin was entitled to survivor annuity benefits by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (2005). On appeal, although it is not entirely clear, Ms. Kapen seems to argue that the AJ misapplied the preponderance of the evidence standard. Her contention appears to be that when she introduced some relevant evidence that a reasonable person could have found supported her son's claim, the burden shifted to OPM to show that there was sufficient evidence to support rejection of the claim. Ms. Kapen's argument reflects a misunderstanding of the preponderance of the evidence standard. Preponderant evidence is defined as the "degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." 5 C.F.R. § 1201.56(c)(2) (emphasis added). We agree with the government that the "definition does not create a presumption whereby the submission of any evidence supporting eligibility [for benefits] shifts the burden to establish that contrary evidence is sufficient to prove that the applicant is not eligible to receive benefits." Respondent's Brief at 28 (emphasis in original). Under the preponderance of the evidence standard, the evidence as a whole must be considered—not just the evidence that supports the applicant's claim. We

have reviewed the AJ's decision and have found no indication that he misapplied the preponderance of the evidence standard.

Second, Ms. Kapen argues that the Board failed to adhere to our decision in Kapen I. According to Ms. Kapen, on remand the Board was required to follow our decision and "grant [a] survivor annuity and benefits to Lorin Kapen." Petitioner's Brief at 2, response to Question 6. Ms. Kapen is mistaken. In Kapen I, we did not direct the award of an annuity and benefits to Lorin. Rather, we directed that Lorin's claim be reconsidered in light of the VA's decision and the evidence underlying that decision. We have reviewed the record before us and are satisfied that both OPM and the Board followed our instructions in Kapen I.

For the foregoing reasons, the decision of the Board sustaining OPM's remand decision is affirmed.

Each party shall bear its own costs.